## PIEPER v KITTL

Ohio Appeals, 1st Dist, Hamilton Co

No 4027.  Decided May 9, 1932

Carl F. Pieper, Cincinnati, for plaintiff.
Murphy & Murphy, Cincinnati, and John
O. Eckert, Cincinnati, for defendant.

**HAMILTON, J.**

The court has viewed the premises and is unable to see any injury to Kittl's roadway to his property, since, as above stated, the junction with the highway practically coincides with the Pieper roadway.

There is nothing to show any vested right in Pieper in the use of any road entering the highway other than that shown in the grants. In other words, it seems that the outlet from the left hand turn over other property was there by sufferance only, so that the purchaser would have no grant or easement to the Cincinnati and Louisville Highway, except by virtue of the written grant. He testifies that he knew this to be the case and desired to. secure the proper entrance, in accordance with the former grants and his acquiring of an additional 10 feet from Kittl to make the proper roadway. That otherwise he would not have purchased the property from Kittl.

Pieper testifies that he suggested to Kittl that the proceeding was somewhat complicated and that he get a lawyer. This makes a flat contradiction between the two as to securing an attorney. It may be, therefore, considered that the evidence on this proposition is neutralized.

The circumstances are such as to support Pieper's claim. Of course, Kittl could not grant 10 feet additional width for an outlet to, the highway over another man's property.

The deed from the defendant to the plaintiff recites:

"The object of this easement being to give to the grantee, his heirs, and assigns 10 feet of roadway in addition to the existing 16 foot roadway (8 feet of which existing roadway is on grantor's premises)."

It would be difficult to see why the grantor Kittl could not understand this proposition, or why there should be any mistake. The recital is that the 8 feet is off the grantor's premises, and he grants 10 feet additional. The grant was to "the Bridgetown-Cleves Pike, also known as the Cincinnati-Louisville Pike."

Enough has been stated to show that Kittl is not entitled to have the deed reformed. To have reformation it is necessary that the mistake must be mutual, and should be shown by clear and convincing proof. The evidence supports Pieper, in that he intended the deed to be just what it is. The dispute between the parties as to whether or not Kittl should have an attorney does not show fraud by clear and convincing proof, which is necessary. **Stewart v Gordon et, 60 Oh St, 170.**

The prayer of the defendant for reformation of the deed will be denied, and an injunction will be granted, as prayed for in plaintiff's petition. If desired the decree may protect Kittl's ingress and egress to his residence property.

ROSS, PJ, and CUSHING, J, concur.